[Cite as *State v. Ross*, 2023-Ohio-4553.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230259 |
| | | TRIAL NO. B-2005341 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ROBERT ROSS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: December 15, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1}   Defendant-appellant Robert Ross appeals after he was sentenced to 12 months in prison for six violations of the terms of his community control.  Ross contends that he should have been given a further opportunity at probation rather than being sent to prison for his underlying third-degree felony escape conviction.  For the reasons that follow, we hold that Ross fails to raise a cognizable issue for appellate review and accordingly dismiss his appeal.

### *Factual and Procedural Background*

{¶2}   In 2020, Ross was indicted on a single count of escape, a felony of the third degree, in violation of R.C. 2921.34.  On March 15, 2022, Ross pleaded guilty and was sentenced to four years of community control and 30 hours of community service.  The trial court simultaneously notified him that he could be sentenced to 36 months in the Ohio Department of Rehabilitation and Correction ("ODRC") if he violated the terms of his community control.

{¶3}   On September 1, 2022, Ross's probation officer filed a complaint alleging six community control violations:  (1) Ross tested positive for unlawful drugs; (2) he failed to provide employment verification; (3) he failed to provide notice of an address change; (4) he failed to report to the probation department; (5) he failed to make payments to the probation department; and (6) he failed to make progress toward completing the required community service hours.

{¶4}   On March 2, 2023, Ross admitted all six violations.  His attorney explained that, following his initial guilty plea in the escape case, Ross served three months in prison for a parole violation from Clermont County, and that limited his progress towards completing his Hamilton County probation terms.  His attorney also explained that Ross was in school full-time at the University of Phoenix and had been

2

having trouble finding stable housing in Hamilton County. As a result, Ross went to Kentucky without permission. Despite his travel out of state, according to Ross's counsel, he maintained contact with his probation officer during this period of time.

{¶5} Ross then addressed the court and apologized for the violations. Ross explained that he could not find stable housing in Hamilton County, so he went to Kentucky because he had a place to stay.

{¶6} Unpersuaded, the trial court ordered Ross to serve 12 months in ODRC, crediting him for 48 days he had already served on the violations. After the sentence was announced, Ross asked the court to reconsider imposing prison time, because Ross was involved in his children's lives and enrolled in school full-time; however, the court declined, and Ross uttered a number of expletives in response, expressing his disdain for the outcome of his case.

{¶7} Ross now appeals. He raises a sole assignment of error: whether the trial court erred in imposing a prison sentence for his community control violations under R.C. 2953.08(G)(2) when Ross contends that he was amenable to further community control.

### *Community Control Sentence*

{¶8} We answer this question in the negative. R.C. 2953.08(G)(2) permits an appellate court to increase, reduce, or modify a sentence, or to vacate a sentence and remand to the trial court for resentencing, in limited circumstances. To take such action, the appellate court must clearly and convincingly find that the sentence is either contrary to law or "[t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." *See* R.C. 2953.08(G)(2)(a) and (b).

3

{¶9} Ross concedes that the trial court's 12-month sentence was not contrary to law. Indeed, Ross received 24 fewer months than the trial court indicated it would impose should he violate the terms of his community control, and the sentence was within the lawful range allowed for a felony of the third degree. *See* R.C. 2929.14(A)(3)(a).

{¶10} Thus, the question is whether the record supports the trial court's decision under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I), if any are relevant here. Ross argues that the record falls short of this threshold because he was amenable to further community control sanctions, without addressing any of these specific statutes or any supporting case law that would guide our inquiry.

{¶11} Having reviewed both the record and the applicable law, we hold that none of the referenced statutes are relevant to Ross's sentence, and therefore that R.C. 2953.08(G)(2) does not permit us to increase, reduce, modify, or vacate the trial court's sentence. By their terms, R.C. 2929.13(B) and (D) are not relevant to Ross, because they reference first-, second-, fourth-, and fifth-degree felonies, and Ross was convicted of a third-degree felony. R.C. 2929.14(B)(2)(e), which requires a trial court to state its reasons for its sentence in certain circumstances, and (C)(4) are likewise inapplicable because the trial court did not impose a sentence under the statutory provision those sections govern and because Ross was not charged with multiple offenses, respectively. And R.C. 2929.20(I) does not apply to Ross because he did not file a motion for judicial release.

{¶12} Because none of the statutes referenced in R.C. 2953.08(G)(2)(b) are relevant to Ross's sentence, and because Ross concedes that his sentence was not contrary to law, Ross's argument is not cognizable on appeal. The General Assembly

4

has created a limited role for the appellate courts in reviewing sentencing determinations made by the trial courts in the specific instances where a trial court's sentence violates the law or runs afoul of the specific statutory provisions enumerated in R.C. 2953.08(G)(2)(b). Ross does not advance an argument that the trial court's sentence falls into either category, and we accordingly dismiss his appeal.

{¶13} We note, however, that the trial court sentenced Ross to one-third of the prison time he faced for violating community control. We also note that Ross's explanation for why he was unable to comply with his probation terms—that he lacked stable housing in Ohio—only addressed some, but not all, of his admitted violations. At the community control violation hearing, Ross did not acknowledge why, for example, he tested positive for the use of drugs, why he had failed to begin his community service hours after being released from his Clermont County parole violation, and why he did not report his change of address. Prior to imposing a prison sentence, the trial court expressed its frustration with this state of affairs. Thus, to the extent Ross seeks justification for the outcome in this case, the factual record contains adequate explanation for the trial court's decision.

### *Conclusion*

{¶14} For the reasons set forth above, we hold that Ross raises no argument on appeal which this court can review. We accordingly dismiss his appeal.

Appeal dismissed.


**CROUSE, P.J.,** and **WINKLER, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.

5